## Stearn *v.* Carbone, Appellant.

*Practice, C. P. — Pleadings — Misjoinder of parties — Trial on merits—Partnership.*

Where two persons are sued in an action of assumpsit for wages and in the præcipe, summons, and statement are referred to "individually and as copartners," but the entire statement indicates that the plaintiff did not seek to recover a several judgment against the defendants, and the latter file no demurrer to the statement, nor a special plea averring misjoinder of parties, but go to trial on the merits, they cannot, after a joint verdict and judgment against them, claim that they were not jointly liable.

*Partnership—Partnership in a particular transaction.*

While two persons may not be general partners, they may be partners in a particular transaction, and have the power to bind each other in matters relating to that transaction.

Argued Dec. 16, 1915.   Appeal, No. 192, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1915, No. 294, on verdict for plaintiff in case of Moses Stearn v. Frank C. Carbone and Ernesto Carbone, Individually and copartners, trading as Carbone & Co.   Before RICE, P. J., ORLADY, HEAD,

PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for wages. Before MACNEILLE, J.

From the record it appeared that while the two defendants in the præcipe, summons and statement of claim were referred to "individually and as copartners," the statement indicated that the plaintiff sought to recover wages for his services as a drug clerk and that he claimed against the defendants jointly.

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $420. Frank C. Carbone appealed.

*Error assigned* was in refusing judgment for defendants non obstante veredicto.

*William T. Connor*, with him *John R. K. Scott* and *Henry W. Schorr*, for appellant, cited: Eshleman v. Harnish, 76 Pa. 97; Ihmsen v. Lathrop, 104 Pa. 365; Hallstead v. Coleman, 143 Pa. 352.

*Louis Levinson*, with him *David Levinson*, for appellee, cited: Scott v. Roberts, 21 Pa. C. C. R. 491; Klinefelter v. Baum, 172 Pa. 652; Allentown, to use, v. Ackerman, 37 Pa. Superior Ct. 375; Schellentrager v. O'Donnell, 44 Pa. Superior Ct. 43; Cappuccio v. Plumb, 60 Pa. Superior Ct. 143.

OPINION BY PORTER, J., October 9, 1916:

The following is the appellant's statement of the questions involved in this case: "1. Can two persons be sued in one action both jointly and severally?" "2. Was there sufficient evidence in this case to warrant a finding of joint liability on the part of the defendant?" The plaintiff had in his præcipe directed that the summons issue to "Frank C. Carbone and Ernesto Carbone, individually

and as copartners, trading under the firm name of Carbone & Co.," and in his statement had averred that his claim was against Frank C. Carbone and Ernesto Carbone, individually and as copartners. The entire statement of claim does, however, clearly indicate that the plaintiff did not seek to recover a several judgment against either one of the defendants and that under the contract upon which the action was based there was no other party who had any interest in the contract or who ought, under the covenants of the contract, to have been made a party defendant in an action to enforce the joint liability to the plaintiff. If the word "individually," in the language above quoted, had been omitted from the præcipe for summons and the statement, the first question involved could not have arisen in this case. We are, however, of opinion that the inclusion of that word did not of itself constitute this an action against either of the defendants severally, it was still a joint action, although the defendants were averred to be jointly and severally liable. This was no doubt the view taken by the counsel for the defendants who had charge of the proceedings and tried the case in the court below. The defendants did not demur to the statement, nor file a special plea averring a misjoinder of parties, they elected to go to trial upon the merits, and probably thought that it would be to their advantage to do so. The learned counsel at the trial requested the court to charge the jury that: "1. Under the form of plaintiff's action he must prove a joint and several obligation on the part of the defendants, and if he fails to make such proofs, then your verdict must be for the defendants," which point the learned judge of the court below affirmed. This put upon the plaintiff the burden of satisfying the jury that the defendants were both jointly and severally liable. Having thus gone to trial upon the merits and accepted the issue as tendered, the defendants must be held to have waived any objection to the blunder of the plaintiff in his pleadings, and

the first question stated to be involved does not really arise in this case.

With regard to the second question we deem it sufficient to say that while it is probable that the weight of the evidence was with the defendants, yet there was sufficient evidence, if the jury believed it, to warrant a finding that there had been a joint undertaking upon the part of the defendants to pay the plaintiff for the services which he had rendered, and that a joint liability arose out of that joint undertaking.   There was not sufficient evidence to warrant a finding that the defendants were general partners, but two or more persons may become partners in a particular transaction, and have the power to bind each other in matters relating to that transaction. One of the two stores in which the plaintiff had rendered services was conducted in the name of "Carbone & Co.," and testimony of the plaintiff was sufficient to warrant a finding that the defendants had, in dealing with the plaintiff, assumed the relation of partners.   The specifications of error are dismissed.

The judgment is affirmed.